IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT MILLER | ) |
| BRIAN ADAMSON | ) |
| DOUGLAS ANDERSON | ) |
| PETER BAGNASCO | ) |
| KEVIN BELAVSKY | ) |
| MICHAEL BOBAL | ) |
| MICHAEL BOEHM | ) |
| CHRISTOPHER BONOMO | ) |
| LORRAINE BOWDEN | ) |
| ERIC BRZOSTEK | ) |
| PAVEL BYALIK | ) |
| MICHAEL CARDONA | ) |
| RAYMOND CLAIR | ) |
| BENJAMIN COLECCHIA | ) |
| ANTHONY COMPITELLO | ) |
| WALTER CONNOLLY | ) |
| JAMES COSTANZO | ) |
| CHARLES CUMMO | ) |
| KENNETH DEAN | ) |
| MIGUEL DEDIOS | ) |
| MARTIN DENNEHEY | ) |
| PEDRO DIAZ | ) |
| ROBERT DOLAN | ) |
| FRANK DONALDS | ) |
| TERRYL ELDER | ) |
| THOMAS ERIKSON | ) |
| VINCENT EWART, JR. | ) |
| CHARLES FICO | ) |
| MICHAEL FIGUEROA | ) |
| RICHARD GERACI | ) |
| JOSEPH GIORDANO | ) |
| MICHAEL GIRDUSKY | ) |
| PAUL GITLIN | ) |
| DENNIS GRIMM | ) |
| WILLIAM PATRICK HAVILAND, JR. | ) |
| WILLIAM HERNANDEZ | ) |
| SCOTT HUMMEL | ) |
| ANTHONY JACOBS | ) |
| MICHAEL JACOBS | ) |
| GREGORY JAWULSKI | ) |
| ROBERT JUBRAJ | ) |
| DANIEL KEANE | ) |

STEVEN LANOCE                       )
PATRICK LASCALA                     )
PHILLIP LOBELLO                     )
DAVID MACHIN                        )
HORACIO MALDONADO, III              )
SCOTT MATEYASCHUK                   )
CHRISTOPHER MATZ                    )
ROBERT MCARDLE                      )
MARK MCCALLAN                       )
JOHN MCCORMICK                      )
ROBERT MIRABILE                     )
CHARLES MURPHY                      )
PEDRO MURPHY                        )
PATRICK NEE                         )
JAUNEZ NUNEZ                        )
PERSIO NUNEZ                        )
JOHN O'CONNOR                       )
MICHAEL OLDMIXON                    )
GARY PAGE                           )
MICHAEL PAPA                        )
ROBERT PAPP                         )
WILLIAM PERAZZO                     )
PAUL PERRICONE                      )
MATTHEW POLETTO                     )
WILLIAM POPPER                      )
EDWIN RAMIREZ, III                  )
PEDRO REYES                         )
KYLE RICE                           )
PAULINO ROSARIO, JR.                )
WAYNE ROTHSCHILD                    )
SCOTT RYAN                          )
ANDREAS SAVVA                       )
STEPHEN SCHWARTZ                    )
RONALD SPALAZZI, JR.                )
SCOTT SPECTOR                       )
SEAN STONE                          )
CHRISTOPHER THEOFIELD               )
VINCENT TIENIBER, JR.               )
JOSEPH TRANCHO                      )
STEPHEN WICELINSKI                  )
PAUL ZITO                           )
                                    )
            Plaintiffs,             )
    v.                              )   Civil Action No.
                                    )
CITY OF NEW YORK and THE            )

| | |
|---|---|
| NEW YORK CITY POLICE DEPARTMENT | )<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

### INTRODUCTION

Plaintiffs, by and through their counsel, the law firm of Woodley & McGillivary, for their complaint against the City of New York ("New York City") and the New York City Police Department ("NYPD")(hereinafter collectively referred to as "defendants"), state as follows:

### PARTIES

1. Plaintiffs are and at all times material herein have been employed by defendants in positions in the New York City Police Department. Plaintiffs bring this action for a declaratory judgment, back pay and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the defendants' willful and unlawful violations of federal law complained of herein.

2. Plaintiffs are identified in the caption of the Complaint and have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such written consents are appended to this Complaint in Exhibit A. These written consent forms set forth each plaintiff's name and address.

3. Each of the plaintiffs in this action while employed by defendants has been an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 203(e)(1).

4. Defendant New York City is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). New York City has a principal office and place of business located at Broadway and Park Row, New York, New York, 10007, and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, 10007.

5. Defendant New York City Police Department ("NYPD") is an administrative division of New York City and is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. §203(x). The NYPD's principal office is located at One Police Plaza, New York, New York 10038.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## CLAIMS

8. At all times material herein, and since January 14, 2012, as well as before, the plaintiffs have worked within the NYPD for defendants in various positions.

9.  Since January 14, 2012 and continuing to date, while working on behalf of defendants in positions involving the care of police canines, plaintiffs have worked at least one extra hour caring for their assigned NYPD canines outside of their scheduled tour of duty for each day that they were scheduled to be on-duty and, for each day that they have been scheduled to be "off-duty," plaintiffs have worked at least one and one-half (1.5) hours caring for their assigned NYPD canines. While performing these activities, and regardless of whether such time is overtime or not, plaintiffs have been paid a straight, hourly rate of pay.

10. Since January 14, 2012 and continuing to date, while working on behalf of defendants, plaintiffs have received payments such as longevity pay, night shift differential pay, educational differential and a variety of other shift differentials. These payments are in addition to their salaries and the hourly pay referenced in paragraph 9 above.

11. Since January 14, 2012 and continuing to date, defendants have adopted a 28-day work period for purposes of payment of overtime under the Fair Labor Standards Act (FLSA) to law enforcement employees below the rank of sergeant working in the NYPD.

12. Since January 14, 2012 and continuing to date, plaintiffs have worked in excess of 171 hours in a 28-day period. On those occasions in which plaintiffs have worked in excess of 171 hours in a 28-day period defendants have failed to provide plaintiffs with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular

rates of pay for all hours plaintiffs have worked in excess of the hourly standards set forth under 29 U.S.C. § 207(k). Among other things, defendant has violated the FLSA through such actions as: (1) failing to provide overtime compensation for work hours in excess of 171 hours involving canine care and failing to compute the overtime rate at the blended hourly rate as mandated in the Honorable Judge Shira Scheindlin's decisions in *Scott v. City of New York*, 02 Civ 9530 (SAS), and including but not limited to the decisions reported at 604 F.Supp. 2d 602 (S.D.N.Y. 2008), the decision decided on April 24, 2009 and filed on April 27, 2009, and the decision reported at 629 F.Supp. 2d 266 (S.D.N.Y. 2009); and 2) failing to include longevity pay and various shift differentials that plaintiffs have received in plaintiffs' regular rates of pay for purposes of paying FLSA overtime, which the Honorable Judge Shira Scheindlin mandated be included in plaintiffs' regular rates of pay in her decisions in *Scott v. City of New York*, 02 Civ 9530 (SAS), including but not limited to her decision reported at 629 F.Supp. 2d 266 (S.D.N.Y. 2008).

13. During the work periods in which defendants have suffered or permitted plaintiffs to work hours in excess of the hourly standards for overtime set forth under 29 U.S.C. § 207 (k), defendants have failed to provide plaintiffs with the rights and protections provided under the FLSA, by failing to pay overtime to plaintiffs at the rate of one and one-half times their regular rates of pay for all hours plaintiffs have worked overtime in excess of the hourly standards for overtime set forth under 29 U.S.C. § 207(k).

14. Many of the plaintiffs in the instant action were plaintiffs in *Abbate v. City of New York*, 11-Civ-03282 (SAS), also before the Honorable Judge Shira Scheinlin. In *Abbate v. City of New York*, the plaintiffs raised identical issues regarding failure of the defendants to pay overtime appropriately. In answering the complaint in *Abbate*, the same defendants as in the instant action acknowledged that they had miscalculated the pay of the *Abbate* plaintiffs, who were assigned to canine care outside of their regular tours of duty, and defendants in that case did not contest an award of backpay for canine care outside of their regular tours of duty is owed, liquidated damages, a third-year statute of limitation for a willful violation pursuant to 29 U.S.C. § 255(a), or an award of reasonable attorneys' fees and expenses.

15. The parties in *Abbate v. City of New York* 11-Civ-03282 (SAS), settled all of the claims in that lawsuit through January 14, 2012.

16. Despite admitting its liability in *Abbate* and subsequently settling those claims, identical to those in this complaint, defendants have failed to make any changes to correct the FLSA violations.

17. By failing to pay the plaintiffs and other employees similarly situated the overtime pay required under the law, the defendants have violated and are continuing to violate in a willful and intentional manner the provisions of the FLSA. In particular, plaintiffs note that defendants were ordered by a court to calculate overtime on this basis in the series of decisions in *Scott v. City of New York*, 02 Civ 9530 (SAS), but defendant has failed to do so despite continuing to work plaintiffs' overtime in excess of the hourly standards for overtime

compensation for law enforcement employees. Further, defendants admitted liability and settled the claims in *Abbatte v. City of New York* 11-Civ-03282 (SAS), through January 14, 2012, yet still failed to correct its FLSA violations. As a result, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum period allowed under the law.

18. As a result of the defendants' willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendants and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendants are under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendants' liability can be ascertained.

19. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendants' failure to pay overtime compensation.

20. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

WHEREFORE, the plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

8

(a) Enter judgment declaring that the defendants have willfully and wrongfully violated its statutory obligations, and deprived each of the plaintiffs of his rights;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c) Award plaintiffs monetary liquidated damages equal to their unpaid compensation;

(d) Award plaintiffs interest on their unpaid compensation;

(e) Award plaintiffs their reasonable attorneys' fees to be paid by the defendants, and the costs and disbursements of this action; and

(f) Grant such other relief as may be just and proper.

Respectfully submitted,

Gregory K. McGillivary (SSN: 0280)
Sara L. Faulman (SF 9778)
Theodore Reid Coploff (SSN: 7882)
WOODLEY & McGILLIVARY
1101 Vermont, N.W.
Suite 1000
Washington, DC  20005
Phone:  (202) 833-8855

Attorneys for Plaintiffs